UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY-BLANE THOMPSON,<br>Petitioner,<br>v.<br>JEFF PERKINS,<br>Respondent. | Case No. C26-2871-JCC-MLP<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION

Petitioner Anthony-Blane Thompson is a state prisoner who is currently confined at the Coyote Ridge Corrections Center ("CRCC") in Connell, Washington. He has presented to the Court for filing a petition for writ of habeas corpus seeking relief from a 1994 King County Superior Court judgment and sentence. (Dkt. # 5.) Petitioner appears to assert jurisdiction under 28 U.S.C. § 2254 (*see id.* at 1), which is, in fact, "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment," *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

Petitioner has also submitted for the Court's consideration a motion for an evidentiary hearing (dkt. # 6), and a motion regarding the filing fee (dkt. # 7), which appears to simply request that the Clerk be directed to deposit the check forwarded by CRCC to satisfy the filing fee for this action.[1] This Court, having reviewed Petitioner's petition, the balance of the record, and Petitioner's previous filings in this Court, concludes that the instant petition is a second or successive one over which this Court lacks jurisdiction, and that the petition should therefore be dismissed.

## II. DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on August 7, 2026. (*See* dkt. # 1.) The petition relates to the judgment and sentence entered under King County Superior Court case number 94-1-01650-1 in 1994. (Dkt. # 5 at 1.) Petitioner asserts in his petition that his current custody is unlawful because the King County Superior Court had no jurisdiction to prosecute and imprison him. (*Id.*) Petitioner does not make clear in his petition the basis of his jurisdictional challenge, detailing instead his efforts to present his claim to the state courts and identifying apparent defects in that process. (*See id.* at 2-3.) A review of the documents attached to Petitioner's petition suggests that his jurisdictional claim is based on the fact that the King County Superior Court was not operating as a constitutional court under Article III of the U.S. Constitution at the time of his prosecution and therefore was not authorized to preside over his criminal case. (*See* dkt. # 5-1 at 5, 9.)

A review of this Court's records reveals that Petitioner filed a federal habeas petition challenging the same 1994 King County Superior Court judgment and sentence in August 2009.

[1] It appears the check has been deposited as the docket reflects that a receipt for the $5 filing fee was issued on September 2, 2026.

*See Thomas v. Vail*, Case No. C09-1182-JLR (W.D. Wash.), dkt. ## 5 at 2-3, 10 at 1.[2] That petition was dismissed as time-barred on April 9, 2010. *See id.*, dkt. ## 13, 16. By statute, this Court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b); Circuit Rule 22-3.

Section 2244(b)(3)(A) provides that *before* a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines that the applicant has made a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C).

Because Petitioner had a prior federal habeas petition challenging the same judgment and sentence dismissed as time barred, the instant petition is a second or successive one. *See* 28 U.S.C. § 2244(b); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding that dismissal of a habeas petition as untimely constitutes a disposition on the merits and renders a subsequent petition challenging the same conviction or sentence "second or successive" for purposes of

---

[2] Petitioner identifies himself in his submissions here as Anthony Thompson and Anthony-Blane: Thompson. (*See* dkt. # 5 at 1, 3-4.) However, a review of Petitioner's prior activity in this Court makes clear that Anthony Blane Thompson and Mark Thomas are the same person. *See Thomas*, Case No. C09-1182-JLR, dkt. # 5 (federal habeas action wherein Petitioner identifies himself as Mark Thomas and indicates his DOC identification number is # 724057); *Thompson v. United States*, Case No. C18-5836-RJB (W.D. Wash.), dkt. # 1-1 (civil action wherein Plaintiff identifies himself as Anthony-Blane: Thompson, provides a DOC identification number of # 724057, and indicates he was convicted under the name Mark Thomas); *Thompson v. Miner*, Case No. C22-167-TL (W.D. Wash.), dkt. # 3 (civil action wherein Plaintiff identified himself on his application to proceed *in forma pauperis* as "Anthony Blane Thompson/aka Mark Thomas.")

§ 2244(b)). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction to consider it.

## III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

## IV. CONCLUSION

Based on the foregoing, this Court recommends Petitioner's federal habeas petition (dkt. # 5) be DISMISSED for lack of jurisdiction and a certificate of appealability be denied. This Court further recommends Petitioner's motion for an evidentiary hearing (dkt. # 6), and his motion to deposit the filing fee (dkt. # 7), be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your

right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 27, 2026**.

Dated this 6th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge